UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


ELIZABETH S. TRIMBLE,

         Plaintiff

v.                                     Civil Action No. 2:08-cv-804

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant


MEMORANDUM OPINION AND ORDER


         This matter is before the court pursuant to Rule 72(b)

of the Federal Rules of Civil Procedure on plaintiff's objections

to the Proposed Findings and Recommendation ("PFR") of United

States Magistrate Judge Mary E. Stanley, entered on June 22,

2009.


I.


         Plaintiff Elizabeth Trimble filed her application for

supplemental security income and disability insurance benefits on

December 9, 2004, alleging disability as of January 1, 1990, due

to carpal tunnel syndrome, hernia, high blood pressure,

inflammation in the left leg, back pain and diabetes.  (Tr. at

51-54, 88).  Plaintiff's claim was denied initially and upon

reconsideration.  (Id. at 40-44, 46-48).  A hearing was conducted

on plaintiff's claim on September 27, 2006.  (Id. at 411-38).  A

supplemental hearing was held on January 9, 2007, subsequent to

which the administrative law judge ("ALJ") issued a decision,

dated February 21, 2007, finding that plaintiff was not entitled

to benefits.  (Id. at 15-26, 439-57).  The decision became final

on March 28, 2008, after the Appeals Council considered

additional evidence offered by the plaintiff and determined it

did not provide a basis for changing the ALJ's decision.  (Id. at

5-8).  On June 2, 2008, plaintiff instituted this action seeking

judicial review of the administrative decision pursuant to 42

U.S.C.A. § 405(g). (PFR at 2).

On June 22, 2009, the magistrate judge issued her

proposed findings and recommendation, finding that the ALJ's

decision was supported by substantial evidence and recommending

that the Commissioner's decision denying plaintiff benefits be

affirmed.  (Id. at 18).  Plaintiff filed objections on June 30,

2009, contending that the ALJ and the magistrate judge:

(1)  failed to take into consideration the effect of all of

the plaintiff's impairments, and particularly a mid-

epigastric hernia which was never repaired, and failed

to appreciate the severity of her breathing problems,

phlebitis and bilateral plantar fascitis;

(2)   erred in finding that the plaintiff's complaints of
      pain were neither entirely credible nor supported by
      objective evidence of record, and, specifically with
      respect to her carpal tunnel syndrome, that the
      plaintiff's failure to follow up with treatment for
      years after her surgeries indicated that the surgeries
      were not a failure;

(3)   erred in the analysis of the plaintiff's mental
      impairments; and

(4)   failed to give sufficient weight to the opinion of the
      plaintiff's treating physician, Dr. Daros.


                              II.


        Rule 72(b) of the Federal Rules of Civil Procedure

provides, in part, that once a magistrate judge has entered a

recommendation for the disposition of a matter that is

dispositive of the claim of a party,

>     [w]ithin 10 days after being served with a copy of the
>     recommended disposition, a party may serve and file
>     specific, written objections to the proposed findings
>     and recommendations.  A party may respond to another
>     party's objections within 10 days after being served
>     with a copy thereof.  The district judge to whom the
>     case is assigned shall make a de novo determination

> upon the record, or after additional evidence, of any
> portion of the magistrate judge's disposition to which
> specific written objection has been made in accordance
> with this rule.  The district judge may accept, reject,
> or modify the recommended decision, receive further
> evidence, or recommit the matter to the magistrate
> judge with instructions.

Fed. R. Civ. P. 72(b) (2004).

With respect to the parts of a magistrate judge's recommendation to which specific objections have been made, the phrase "de novo determination" does not direct a district judge to conduct a specific kind of review.  Rather, to make a "de novo determination" means that a district court judge must give "fresh consideration" to the objected-to portions of a magistrate judge's recommended decision.  See United States v. Raddatz, 447 U.S. 667, 675 (1980) (discussing legislative history).  The type of "fresh consideration" a district judge chooses to exercise is a matter within the judge's discretion.  "[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  Id. at 676; see also Aluminum Co. of Am. v. United States Envtl. Protection Agency, 663 F.2d 499, 501-02 (4th Cir. 1981) (finding a clearly erroneous standard of review "not necessarily inconsistent with

the requirements of a <u>de</u> <u>novo</u> determination").

       In reviewing the proposed findings and recommendation of a magistrate judge <u>de</u> <u>novo</u>, the court considers whether the magistrate judge effectively applied the substantial evidence standard.  Our court of appeals has observed that substantial evidence is:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of <u>more than a mere scintilla of evidence but may be somewhat less than a preponderance</u>.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

<u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966) (emphasis added).  Once the court finds substantial evidence to support the decision, the inquiry ends.  <u>Id.</u>  "In reviewing for substantial evidence, [the court should] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."  <u>Id.</u> (quoting <u>Walker v. Bowen</u>, 834 F.2d 635, 640 (7th Cir. 1987)).

III.

A. The Effect of All of the Plaintiff's Impairments

The plaintiff contends that the ALJ and the magistrate judge failed to consider the effect of all of the plaintiff's impairments when the ALJ concluded and the magistrate judge agreed that the plaintiff is capable of light work, reduced by nonexertional limitations.  (Obj. at 3).  Specifically, the plaintiff contends that the ALJ and the magistrate judge failed to note a mid-epigastric hernia which was never repaired and failed to appreciate the severity of the plaintiff's breathing problems, phlebitis and bilateral plantar fascitis.  (Id. at 1-5).

Indeed, the social security regulations provide:

In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

6

20 C.F.R. § 404.1523; see also Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

As is noted by the magistrate judge, the ALJ determined that the plaintiff suffered from the severe impairments of upper extremity, back, leg and foot impairments, hernia, diabetes mellitus, obesity and borderline intellectual functioning.  (PFR at 11).  A review of his lengthy factual findings shows that he considered all of the plaintiff's impairments, severe and nonsevere alike.  (Tr. at 18-21; PFR at 11).

The plaintiff identifies four conditions which she specifically contends the ALJ either failed to consider or failed to appreciate the severity of, namely a mid-epigastric hernia, breathing problems, phlebitis and bilateral plantar fascitis. (Obj. at 1-5).  Contrary to the plaintiff's assertions, each of these conditions was expressly noted and fairly considered by the ALJ in his findings of fact.  The mid-epigastric hernia, which the plaintiff contends the ALJ failed to note at all, is observed by the ALJ on the fifth page of his decision.  (Tr. at 19).  The ALJ's summary of the record with respect to the plaintiff's breathing problems accurately reflects that Dr. Daros stated no rationale in his notes when he diagnosed the plaintiff with Chronic Obstructive Pulmonary Disease on February 29, 1988.  (Tr.

at 120).   In describing the plaintiff's phlebitis as "mild" and

the treatment recommended for her plantar fascitis as

"conservative," the ALJ used the same descriptive terms as were

used by the plaintiff's doctors.   (Tr. at 151, 216).

          The magistrate judge concluded that the ALJ's decision

is supported by substantial evidence and adequately reflects a

consideration of the combined effect of the plaintiff's

impairments.   (PFR at 10-11).   Having reviewed the record <u>de</u>

<u>novo</u>, the court concludes that the ALJ appropriately

characterized and weighed the evidence, and the magistrate judge

accurately and fully evaluated the ALJ's decision.   The

plaintiff's objection is, accordingly, denied.

B. The Plaintiff's Complaints of Pain

          The plaintiff next contends that the ALJ and the

magistrate judge erred in finding that the plaintiff's complaints

of pain were neither entirely credible nor supported by objective

record evidence.   (Obj. at 3-4).   Specifically, the plaintiff

asserts that the ALJ erred in concluding that the plaintiff's

failure to follow up with treatment for years after her carpal

tunnel surgeries indicates that the surgeries were not a failure.

(Id. at 4).  The plaintiff recounts evidence from the record which she believes to weigh against the findings of the ALJ.

As noted by the magistrate judge in the PFR, the ALJ thoroughly considered the plaintiff's daily activities, the location, duration, frequency and intensity of her pain, precipitating and aggravating factors and the plaintiff's medication in concluding that her complaints were not entirely credible and the record did not support her testimony of extreme symptoms and limitations.  (PFR at 13).  In reviewing for substantial evidence, the court should not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Craig, 76 F.3d at 589.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."  Id.  The ALJ's decision is supported by substantial evidence, and the plaintiff's second objection is denied.

C. The Plaintiff's Mental Impairments

The plaintiff further objects on the ground that the ALJ and magistrate judge erred in the analysis of the plaintiff's

mental impairments.  (Obj. at 4).  The ALJ concluded that the plaintiff's anxiety, depression and "spells" did not rise to the level of a medically determinable mental impairment during the relevant period, and as such were not severe.  (PFR at 14-15).

The plaintiff again simply lists evidence from the record which weighs against the finding of the ALJ.  The relatively sparse evidence listed by the plaintiff shows that she attended counseling in 1987 and 1992 and took a prescription medication.  The plaintiff's use of counseling and prescription medications was discussed by the ALJ.  The court concludes, as did the magistrate judge, that the ALJ properly evaluated the plaintiff's mental impairments in accordance with 20 C.F.R. 404.1520a and that his findings are supported by substantial evidence.

D. The Opinion of the Plaintiff's Treating Physician

The plaintiff contends that the ALJ and the magistrate judge failed to give sufficient weight to the opinion of Dr. Daros, the plaintiff's treating physician.  (Obj. at 4-5).  As the plaintiff aptly notes, "[g]reat weight should be accorded to the medical report of a treating physician."  Oppenheim, 495 F.2d

396.  However, a treating physician's opinion is afforded

"controlling weight only if two conditions are met: (1) that it

is supported by clinical and laboratory diagnostic techniques and

(2) that it is not inconsistent with other substantial evidence."

Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also 20

C.F.R 404.1527(d)(2).  Under 20 C.F.R 404.1527(d)(2)(ii), the

more knowledge a treating source has about a claimant's

impairment, the more weight will be given to the source's

opinion.

As the magistrate judge notes in the PFR, the ALJ

adopted the only limitation imposed by Dr. Daros in the evidence

before the ALJ at the time.  (PFR at 17).  The plaintiff then

presented a letter from Dr. Daros, dated March 14, 2007, as

additional evidence to the Appeals Council.  The Appeals Council

considered the letter and incorporated it into the administrative

record but found that it did not provide a basis for changing the

ALJ's decision.  (Id. at 17-18).  In the letter, Dr. Daros does

not support his opinion, which was expressed almost ten years

after he last examined the plaintiff, with any objective

evidence.  (Id.).  Based upon these circumstances, Dr. Daros's

opinion was appropriately characterized and weighed with the

record evidence, and the magistrate judge accurately and fully

evaluated the ALJ's decision, which is supported by substantial evidence.  The plaintiff's objection is denied.


                              IV.


        For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that the plaintiff's motion for summary judgment be, and it hereby is, denied.  It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.

        The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

                         DATED:  August 3, 2009

                         _____
                         John T. Copenhaver, Jr.
                         United States District Judge


                              12